UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-312-FDW
(3:94-cr-00017-FDW-4)

| | |
|---|---|
| WILLIE LEE HARRIS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's motion to modify his sentence. For the reasons that follow, the Court finds that Petitioner has failed to establish that he is entitled to relief.

## I. BACKGROUND

On June 15, 1994, Petitioner was convicted by a jury on one count of conspiracy to possess with intent to distribute, and distribution of cocaine, in violation of 21 U.S.C. § 846. On September 27, 1994, Petitioner was sentenced to life imprisonment by the Honorable Robert D. Potter. (3:94-cr-00017, Doc. 191). On September 18, 1995, Petitioner's criminal judgment was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. United States v. Walker, 66 F.3d 318 (4th Cir. Sept. 18, 1995) (unpublished table decision).[1] On February 20, 1996, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. Harris v. United States, 516 U.S. 1138 (1996).

On January 16, 2002, Petitioner filed a motion to vacate, set aside or correct sentence

---

[1] Petitioner's co-defendant, Tommy Eugene Walker, was designated lead defendant in the consolidated appeal.

1

pursuant to 28 U.S.C. § 2255. (3:02-cv-00019-GCM). The Court dismissed Petitioner's Section 2255 motion after finding that it was untimely, by nearly five years, under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. No. 2). Petitioner did not appeal. On February 14, 2006, the Fourth Circuit denied Petitioner's application to file a successive Section 2255 motion. In Re: Willie Lee Harris, No. 06-194 (4th Cir. filed Feb. 14, 2006) (unpublished). (3:94-cr-00017, Doc. 364).

## II. DISCUSSION

On May 13, 2013, Petitioner filed a "Motion for Correction of Clerical Error in the Court Records." (3:13-cv-312, Doc. 1). In this motion, Petitioner contends that he is entitled to relief under Rule 36 of the Federal Rules of Criminal Procedure.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Petitioner contends that—a little over nineteen years ago—the United States Probation Office erred in preparing his presentence report (PSR). Specifically, Petitioner argues that his PSR contains inaccurate information regarding a conviction that he sustained on January 15, 1986, in Florida for possession with intent to sell over 200 but less than 400 grams of cocaine.

The PSR reflects that on June 3, 1994, prior to trial, the United States Attorney filed an information pursuant to 21 U.S.C. § 851, identifying this 1986 drug conviction for purpose of sentencing enhancement. (3:94-cr-00017, Doc. 144; Doc. 395: PSR at 4 ¶ 4). The PSR also identifies a cocaine trafficking conviction involving in excess of 200 grams but less than 400 grams and includes a conviction date of January 15, 1987, rather than January 15, 1986. (Id. at 8

2

¶ 31). Whether the § 851 notice identified a cocaine conviction from January 15, 1986, should be of no moment, because whether the conviction occurred in January 1986, or January 1987, there is only one cocaine conviction involving in excess of 200 grams and less than 400 grams which is identified in Petitioner's prior criminal history in the PSR. (Id.)

Petitioner appears to argue that the PSR identifies two different convictions for trafficking cocaine, with each conviction involving more than 200 grams and less than 400 grams. The consequence, as Petitioner contends, is that the Federal Bureau of Prisons is denying him access to special education programs because of a more severe classification. (3:13-cv-00312, Doc. 1 at 2). The Court notes that Petitioner did not file an objection to the § 851 notice in the trial court, nor did he file a written objection to a 1987 conviction for trafficking in cocaine which is identified in his PSR. Finally, Petitioner did not raise this issue on appeal or in his untimely § 2255 motion. The Court finds Petitioner's argument is unsupported by the record and without merit.

Further, the record of his lone prior cocaine trafficking conviction, as identified in the PSR and likely in the § 851 notice, whether sustained in January 1986, or January 1987, does not support relief under Rule 36. The Court finds, instead, that Petitioner's attack on his sentence may well represent a successive, unauthorized § 2255 motion. 28 U.S.C. § 2255(a) provides, in pertinent part, that a "prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence."[2]

---

[2] Whether properly characterized as a Rule 36 motion, which the Court finds is without merit, or a § 2255 motion, the Court finds that Petitioner cannot obtain relief in this Court. The Section 851 notice, whether erroneous or not,

Although labeled as a Rule 36 motion, Petitioner is attacking the same criminal judgment that he challenged through his untimely § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner . . . is continuing his collateral attack on his conviction or sentence.") (internal citations omitted).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner previously filed a Section 2255 motion in 2002 that was dismissed as untimely, and the Fourth Circuit denied his application for permission to file a successive § 2255 motion in 2006. (3:94-cr-00017, Doc 364). Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Rule 36 Motion is **DENIED** as being without merit. (3:94-cr-00017,

---

had no effect on Petitioner's total offense level of 43 which subjected him to a life sentence. (PSR at 6 ¶ 27).

Doc. 392).

2.    Alternately, to the extent Petitioner's motion represents an unauthorized § 2255 motion, this action will be dismissed as successive. (3:13-cv-00312, Doc. 1).

3.    Petitioner's Motion to Appoint Counsel is **DENIED**. (3:94-cr-00017, Doc. 393)

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close the civil case. (3:13-cv-000312).

Signed: June 11, 2013

Frank D. Whitney
Chief United States District Judge