IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00150-FDW
(3:94-cr-00017-FDW-4)

| | |
|---|---|
| WILLIE LEE HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* "Petition Seeking the Modification Necessary to Cure an Openly Known Act of Fraud upon the Court in Aid of Manipulating an Enhanced Sentence." After examining the claim for relief, the Court finds the petition is in fact an unauthorized, successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2255(h).[1] For the reasons that follow, the petition will be dismissed.

I.  BACKGROUND

On June 15, 1994, Petitioner was convicted by a jury on one count of conspiracy to possess with intent to distribute, and the distribution of cocaine, in violation of 21 U.S.C. § 846. On September 27, 1994, the Court found that Petitioner qualified as a career offender under the Guidelines and he was sentenced to life imprisonment by the Honorable Robert D. Potter. See U.S. Sentencing Guidelines Manual § 4B1.1 (1993). (3:94-cr-00017, Doc. 191: Judgment). On September 18, 1995, Petitioner's judgment was affirmed on appeal by the United States Court of

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted).

1

Appeals for the Fourth Circuit. United States v. Walker, 66 F.3d 318 (4th Cir. 1995) (unpublished table decision), cert. denied, 516 U.S. 1138 (1996).[2] On January 16, 2002, Petitioner filed a § 2255 motion to vacate, nearly five years after his judgment became final, and the motion was dismissed as untimely. Petitioner did not appeal. On February 14, 2006, the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion. In Re: Willie Lee Harris, No. 06-194 (4th Cir. filed Feb. 14, 2006). (3:94-cr-00017, Doc. 364).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

---

[2] Petitioner's co-defendant, Tommy Eugene Walker, was designated lead defendant in the consolidated appeal.

28 U.S.C. § 2255(h).

In United States v. Hairston, the Fourth Circuit noted that "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." 754 F.3d 258, 262 (4th Cir. 2014) (quoting In re Williams, 444 F.3d 233, 235 (4th Cir. 2006)). The Court explained that whether a petition is successive depends on whether the claim arose "after a prior petition was filed." Id. In other words, the question to resolve is whether "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Id.

In the present case, Petitioner contends that the Respondent committed a fraud upon the Court by representing that he had two prior felony drug convictions which subjected him to a mandatory term of life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.[3] (3:16-cv-00150, Doc. 1 at 1). First, the Court notes that Petitioner was sentenced according to his Guidelines range which was life imprisonment based on a criminal history category VI as a career offender, and a total offense level of 43. (3:94-cr-00017, Doc. 394: Presentence Report (PSR) ¶¶ 24, 46-47). Second, the conviction that Petitioner contends Respondent mispresented to the Court was in fact dismissed by a Florida state court and this fact is noted in the PSR. (Id. ¶ 31) (possession of marijuana). Finally, the PSR notes that the § 851 notice only identified a 1986 conviction for possession with intent to sell cocaine; thus if he had been sentenced based on the § 851 notice, he would only have faced a sentence of no less than 20 years nor more than life under § 841(b)(1)(A) rather than a mandatory term of life imprisonment. (Id. ¶ 4).

In any event, Petitioner could have presented this claim, however baseless, in his first §

---

[3] With two prior felony drug convictions, Petitioner faced a mandatory term of life imprisonment pursuant to 21 U.S.C. 841(b)(1), if he was sentenced based on the § 851 enhancement.

2255 motion. Finally, Petitioner's contention that he would have received a lower sentence if he were sentenced today, based on his assertion that there have changes in policy, is likewise a claim that he would have to present in an application to the Fourth Circuit in first instance; as his contention that he was erroneously sentenced as a career offender. (3:16-cv-00150, Doc. 1 at 10-11).

Accordingly, because Petitioner has not obtained authorization to file a successive petition, this Court is without jurisdiction to consider his claim for collateral relief and the motion will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: April 5, 2016

Frank D. Whitney
Chief United States District Judge