UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00590-FDW
(3:94-cr-00017-FDW-4)

| | |
|---|---|
| WILLIE LEE HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Willie Lee Harris's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255. (Doc. No. 1) Also before the Court is the Government's Motion to Dismiss the Motion to Vacate. (Doc. No. 6.)

**I.     BACKGROUND**

In June 1994, a jury convicted Harris of conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 846. Verdict, Doc. No. 159.[1] A probation officer prepared a presentence investigation report ("PSR"), finding that Harris had a base offense level of 38 because his offense involved more than 150, but less than 500, kilograms of cocaine and that he was subject to a four-level increase for his role in the offense, as well as a two-level increase for obstruction of justice, bringing his adjusted offense level to 44. PSR ¶¶ 16, 19-20, Doc. No. 394.

The probation officer also found Harris had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including Florida state convictions for attempted sexual battery and trafficking in cocaine, that qualified him for a sentence enhancement as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 41B.2. PSR ¶ 24.

---
[1] Unless otherwise indicated, document citations that are not in parenthesis are from Petitioner's underlying criminal case: United States v. Harris, 3:94-cr-00017-FDW-4 (N.C.W.D.).

1

However, because the offense level based on drug quantity was greater than the level for a career offender (37), the probation officer found that the former offense level applied. Id.

Additionally, the probation officer found that Harris had a total of seven criminal history points, which established a criminal history category of IV, but that as a career offender his criminal history category was VI. PSR ¶ 34. The probation officer determined that the guideline range for imprisonment was life. PSR ¶ 47.

At sentencing, this Court sustained Harris's objection to the enhancement for obstruction of justice and found that he should be sentenced at offense level 42 and criminal history category VI. Sent. Tr. 25, Doc. No. 403. The resulting guidelines range was 360 months to life imprisonment, and the Court sentenced Harris to life. J., Doc. No. 191. Harris appealed, and the Fourth Circuit affirmed his conviction and sentence, holding that the evidence supported his responsibility for over 150 kilograms of cocaine. United States v. Walker, 66 F.3d 318, 1995 WL 551361, at *7 (4th Cir. 1995) (unpublished), cert. denied, 516 U.S. 1138 (1996).[2]

Since then, Harris has filed a variety of motions seeking post-conviction relief, see Doc. Nos. 331, 392, 399, which this Court has dismissed or denied, see Doc. Nos. 332, 395, 400. In June 2016, Harris sought authorization from the Fourth Circuit to file a successive § 2255 motion under Johnson v. United States, 135 S. Ct. 2551 (2015). See Doc. No. 404. The Fourth Circuit granted authorization and transferred Harris's motion to this Court. See id.; In re Harris, No. 16-9806 (4th Cir. July 25, 2016).

Harris's sole claim is that his sentence should be vacated and he should be resentenced without a career-offender enhancement because his prior Florida conviction for attempted sexual battery no longer qualifies as a predicate felony offense under U.S.S.G. § 4B1.2, in light of the Supreme Court's holding in Johnson. (Doc. No. 1.) The Government has filed a Motion to

---

[2] Petitioner's co-defendant, Tommy Eugene Walker, was designated lead defendant in the consolidated appeal.

Dismiss, arguing that Harris's § 2255 Motion is an unauthorized, successive motion to vacate and/or procedurally barred. The Government also contends that Harris's Motion is without merit. (Doc. No. 6.)

On January 18, 2017, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Harris of his right to respond to the Government's Motion to Dismiss and providing him 30 days to do so. The Court also notified Harris that failure to reply could result in dismissal of his § 2255 Motion to Vacate without further notice. (Doc. No. 7.) Harris has not responded to the Government's Motion to Dismiss.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSSION

Harris's Motion to Vacate fails to state a claim for relief under Johnson. For the sake of judicial economy, the Court will not also address the Government's arguments that the Motion is an unauthorized, successive § 2255 motion and/or procedurally defaulted.

In Johnson, made retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. §

3

922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1).

Harris was not convicted of being a felon in possession of a firearm; thus, his sentence was not enhanced under the ACCA. Moreover, the holding in Johnson does not extend to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 892 (2017). In Beckles, the Supreme Court held that the advisory Guidelines, including those pertaining to career offenders, are not subject to a vagueness challenge under the Due Process Clause. Id. In other words, Harris's designation as a career offender under U.S.S.G. § 41B.2, see PSR ¶ 24, remains valid after Johnson. See Beckles, 137 S. Ct. at 892.

Finally, even if the holding in Johnson applied to the Sentencing Guidelines, Harris still may obtain relief as he was not sentenced as a career offender. See PSR ¶ 24. Although he qualified as a career offender, his offense level was based upon the quantity of drugs for which he was responsible, not his status as a career offender, see id., and his guideline range of imprisonment was the same regardless of whether his criminal history was IV or VI, see U.S. Sent. Guidelines Manual, Sent. Table, ch. 5, pt. A (sentencing table) (1993).

## IV. CONCLUSION

Johnson does not afford Harris relief from his sentence. Accordingly, the Court shall grant the Government's Motion to Dismiss and dismiss Harris's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss the 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 6) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** for the reasons stated herein; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of

appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**
Signed: January 4, 2018

Frank D. Whitney
Chief United States District Judge